United States District Court
Southern District of Texas
**ENTERED**
November 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-18-691-1 |
| | § | |
| WARREN BROWN II | § | |

## ORDER

This criminal case is before the Court on Defendant Warren Brown II's Motion for Reduction of Sentence ("Motion") [Doc. # 526], filed pursuant to 18 U.S.C. § 3582(c)(1)(A), the "First Step Act." The Court denies the Motion without prejudice to Defendant's refiling the Motion with evidence that he has satisfied the exhaustion requirements of the First Step Act.

On August 26, 2019, Defendant entered a plea of guilty to one count of possessing a firearm after being convicted of a felony. On December 18, 2019, Defendant was sentenced to a Guideline Sentence of 78 months in the custody of the Bureau of Prisons ("BOP"), and was remanded to custody.

Section 3582(c) of the First Step Act allows a district court to modify a term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that the general threat

to his health from COVID-19 while incarcerated is an extraordinary and compelling reason to reduce his sentence.

The First Step Act contains an exhaustion requirement, which is satisfied by evidence that at least thirty days have passed since the warden of the facility where the defendant is incarcerated received the defendant's request for the warden to seek First Step Act relief for the defendant.  Specifically, the statute allows the Court to reduce a defendant's sentence upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  This statutory exhaustion requirement is mandatory and contains no exceptions.  *See United States v. Franco*, 973 F.3d 465, 469 (5th Cir. 2020).  In this case, Defendant does not allege or present evidence that he has satisfied the exhaustion requirement.  Therefore, it is hereby

**ORDERED** that Defendant Brown's Motion for Reduction of Sentence [Doc. # 526] is **DENIED WITHOUT PREJUDICE** to being refiled with evidence that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

SIGNED at Houston, Texas this 6th day of **November, 2020.**

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE